United States District Court
For the
Eastern District of Washington

CV-09-363-LRS

Federal case no. _____

Washington State
Supreme Court case no. 83488-1

Jimmy Ellis, Clark
    Petitioner

v.                                      Petition for a Writ of Review

SUPERIOR COURT
STEVENS COUNTY
STATE OF WASHINGTON
Spokane Judge Greg Sypolt,
Real party in interest

This is a Petition for a Writ of Review. It is an extraordinary circumstance in that the Supreme Court of Washington has no duly qualified supreme court justices by virtue

RECEIVED
DEC 04 2009
CLERK, US DISTRICT COURT
RICHLAND, WASHINGTON

F:\My Documents\Federal District Court\Bill of Review - Sypolt.doc

of the fact that they have all failed to process the necessary conditions precedent to being vested with the authority of the offices they are assuming.

Petitioner invokes the jurisdiction of the Court pursuant to 28 USC sec. 1331 and sec. 1651 and sec. 1652 to enforce the Constitutional mandate of Art. VI cl. 3 of the Constitution of the United States of America and 4 U.S.C. sec. 101 and sec. 102.

Jimmy Ellis, Clark, an aggrieved party having exercised due diligence to avail himself of all administrative and judicial remedies, petitions this Court for a Bill of Review by virtue of the fact that there are no duly qualified justices in the Washington State Supreme Court.

## SUMMARY OF FACTS AND AUTHORITIES

On August 15, 2009, Jimmy Ellis, Clark petitioned the State Supreme Court for a Writ of Prohibition and submitted it with a motion to proceed in forma pauperis.

The Petitioner was informed that Writ of Prohibition would not be heard until the motion to proceed in forma pauperis was decided, the motion hearing was set for November 4, 2009. Due to the nature of this matter and the significant public interest it involves Petitioner requested that his motion to proceed in forma pauperis be set on the accelerated docket.

Petitioner was then informed that his motion to set his forma pauperis motion on the accelerated docket was set for November 4, 2009 as well.

On November 4, 2009 the State Supreme Court denied Petitioners motion to proceed in forma pauperis without explanation. Petitioner contends that had the State Supreme Court had jurisdiction to determine the matter, such denial of his motion to

proceed in forma pauperis without explanation would be a violation of his Constitutionally secured Right to seek redress of his grievances.

Pursuant to the facts that have since come to light relating to the State Supreme Court justices failure to duly qualify for their offices, Petitioner alleges that the denial of his motion to proceed in forma pauperis is a void judgment because the alleged justices of the State Supreme Court do not have jurisdiction to hear and the determine the matter in the first instance.

Petitioner acquired copies of the current alleged Justice's oaths of office. The oaths of office were taken after their terms began and were not filed until a number of days later.

State and/or Federal law require the oath of office be taken **and** filed **before** assuming the duties of office.

Black's Law Dictionary 6th Ed. defines *"Before" – Prior to;*

Black's Law Dictionary 6th Ed. defines *"And" – A conjunction connecting words or phrases expressing the idea that the latter is to be added to or taken along with the first. Added to; together with; joined with; as well as; including.*
*In its conjunctive sense the word is used to conjoin words, clauses, or sentences, expressing the relation of <u>addition or connection and signifying that something is to follow in addition to that which proceeds and its use implies that the connected elements must be grammatically co-ordinate</u>, as where the <u>element proceeding and succeeding the use of the words refer to the same subject matter</u>. While it is said that there is no exact synonym of the word in English, it has been defined to mean "along with", "also", "and also", "as well as", "besides", "together with".*

Failure to comply with qualifications for holding office vacate the office.

*"..., but the court held that the judges right to hold public office was **subject to qualifications** imposed by legislature." State ex rel. Carroll v. Simmons, 61 Wn.2d 146; 377 P.2d 421 (1962).*

> *RCW 42.12.010 Causes of vacancy.*
> **Every elective office shall become vacant on the happening of any of the following events;**
> (6) His or her **refusal or neglect** to take his or her oath of office, or to give or renew his or her official bond, **or to deposit such oath** or bond **within the time prescribed by law;**

An invalid oath of office is equivalent to an invalid driver's license, and a court without a lawful judge or justice is without jurisdiction. A Court that proceeds without jurisdiction commits a trespass upon the Constitution and a trespass upon the rights of the Citizens who appear before it.

An annotated case from RCWA 1.04.012 states, *"Courts cannot engraft exception upon statute where statute makes no exception." Ransom v. South bend, 76 Wn. 396, 136 P. 365 (1913).*

The Ransom case also states, *"When law making branch of government has spoken* **courts may interpret, but cannot add to or take away from, clear and unambiguous meaning of law since to do so would be legislation** *rather than interpretation and policy, expediency and wisdom of statute are legislative and not judicial questions."*

This Court has jurisdiction and a duty to protect the Constitutionally secured Right of every Citizen to redress, due process and equal protection of the law. Petitioner has documented the fact that many of the state court judges and other state officials have refused or neglected to comply with the mandatory statutory and Constitutional requirements necessary to vest them with the authority of the offices they are assuming.

Petitioner contends that he is being deprived of his Right to seek redress as well as his Right to due process and equal protection of the law because the judges of the state courts, from the highest to the lowest are protecting themselves, each other and other public officials in an attempt to conceal their neglect to duly for the offices they are assuming.

<u>Heimbach v. Chu</u>, 744 F.2d 11 (1984), *"New York judges and legislators are bound by oath or affirmation to support the Constitution of the United States, U.S. Const. Art. VI cl. 3, and state courts are under the same duty as federal courts to respect rights arising thereunder. Cooper v. Aaron, 358 U.S. 1, 18, 78 S. Ct. 1401, 3 L. Ed.2d 5 (1958); Brown v. Allen, 344 U.S. 443, 499, 97 L. Ed. 469, 73 S. Ct. 397 (1953); Testa v. Katt, 330 U.S. 386, 390-91, 91 L. Ed. 967, 67 S. Ct. 810 (1947).* <u>*The New York Court of Appeals has made it clear that it will not shrink from the adjudication of legal issues simply because a case has political overtones.*</u>*"*

The alleged judges of the Washington Supreme Court failed to comply with the mandatory requirement that the oath of office be taken and filed <u>before</u> assuming the duties of the office, without which they cannot acquire jurisdiction. (See attached Exh. A)

*RCW 2.04.080 – Oath of judges. The several justices of the supreme court,* **before** *entering upon the duties of their office,* **shall take and subscribe** *the following oath or affirmation: "I do solemnly swear (or affirm, as the case may be), that I will support the Constitution of the United States and the Constitution of the State of Washington, and that I will faithfully and impartially discharge the duties of the office of judge of the supreme court of the State of Washington to the best of my ability." Which oath or affirmation may be administered by any person authorized to administer oaths, a certificate whereof shall be affixed thereto by the person administering the oath. And the oath or affirmation so certified* **shall be filed in the office of the secretary of state.**

## Notes:

Oath of judges: State Constitution Art. 4 § 28.

These alleged judges have no legislative authority to change, add to or alter these qualifications.

*"Supreme Court cannot, in construing statute, write into it language which legislature has omitted, since Supreme Court cannot make laws." State ex rel. Strom v. Seattle (1957), 50 Wash.2d 858, 314 P.2d 921.*

*"Courts cannot engraft exception upon statute where statute makes no exception." Ransom v. South Bend (1913), 76 Wash. 376, 136 P. 365.*

*"Statute will be held to mean exactly what it says, and rules of construction will not be applied, where language of statute is free from ambiguity." Shelton Hotel Co. v. Bates (1940) 4 Wash.2d 498, 104 P.2d 478.*

The penalty for failure of <u>any</u> official to comply with the prerequisites relating to qualifying for their office is defined below:

> RCW 42.12.010 Causes of vacancy. <u>Every elective office shall become vacant on the happening of any of the following events</u>.
> (5) His or her conviction of a felony, <u>or of any offense involving a violation of his or her official oath</u>.
> (6) His or her <u>refusal</u> or neglect <u>to take his or her oath of office</u>, or renew his or her official bond, <u>or to deposit such oath</u> or bond <u>within the time prescribed by law</u>.

It is helpful to clarify that the above statute makes reference to 'elective office', as opposed to, 'elected officers'. Appointed officers perform the duties of the elective office of the appointive power; therefore the above statute is not limited in its scope to elected officers.

> *Glavey v. United States, (1901), 182 U.S. 595; 21 S. Ct. 891; 45 L.Ed. 1247,* "<u>After taking the oath</u>, *evidencing thereby his acceptance of the acceptance of the appointment, he was entitled to proceed in the execution of the duties of his office <u>and becomes liable for any failure to properly discharge them</u>."*

It could reasonably be presumed that these alleged judges and other alleged officials think that if their oath of office is not valid they cannot be charged with violating the oath of office and view it as a way to escape accountability when they violate the oath of office by their misconduct while assuming and performing the duties of the office.

The Petitioner and the Citizens of Washington State are being prejudiced in their state and federal Constitutionally protected Right to due process of law, equal protection of the law and their guarantee to a Republican form of government. This damage, if not remedied as soon as possible will only continue to worsen.

Wherefore, Petitioner requests that this Federal Court accept review of this matter.

Petitioner makes this request in his own Right, as well as upon relation of the People of the State of Washington, who have a right to expect their alleged public servants who assume to act on their behalf to abide by the Constitution and the laws made pursuant thereto.

Petitioner further requests that a special prosecutor be appointed to investigate the crimes committed by these alleged state and local officials and to initiate quo warranto proceedings to oust all alleged officers who have failed or refused to duly qualify for the offices they are assuming.

*[Signature: Jimmy Ellis, Clark]*
Jimmy Ellis, Clark
2094 Onion Creek Rd. Lot A
Colville, Washington
PH: 509-732-4154

I certify that a copy of this Writ of Review was mailed to Judge Sypolt and to the Washington State Supreme Court at the following locations on December 3, 2009.

Greg Sypolt
Spokane County Superior Court
1116 W. Broadway Avenue
Spokane, Washington 99260-0350

Washington State Supreme Court
Temple of Justice
P.O. Box 40929
Olympia, Washington 98504-0929

*[Signature: Jimmy Ellis, Clark]*
Jimmy Ellis, Clark

Case 2:09-cv-00363-LRS    Document 4    Filed 12/09/09

# THE SUPREME COURT OF WASHINGTON

| | | |
|---|---|---|
| JIMMY ELLIS CLARK, | ) ) ) | NO. 83488-1 |
| Petitioner, | ) ) | **ORDER** |
| v. | ) ) | |
| SUPERIOR COURT STEVENS COUNTY, et al., | ) ) ) ) | |
| Respondents. | ) ) ) ) ) | |

Department II of the Court, composed of Chief Justice Alexander and Justices Madsen, Chambers, Fairhurst and Stephens, considered this matter at its November 4, 2009, Motion Calendar and unanimously agreed that the following order be entered.

IT IS ORDERED:

That the Petitioner's Motion to Modify the Deputy Clerk's Ruling is denied. The Petitioner's Motion for Expenditure of Public Funds is denied.

DATED at Olympia, Washington this 5th day of November, 2009.

For the Court

_____
CHIEF JUSTICE

THE SUPREME COURT OF THE STATE OF WASHINGTON

Jimmy Ellis, Clark, ex rel.
    Petitioner

v.

SUPERIOR COURT
STEVENS COUNTY
STATE OF WASHINGTON
Spokane Judge Greg Sypolt,
Real party in interest

Supreme Court Case No.
83488-1

**Motion for reconsideration of:**
Motion to place the Motion for leave to file in forma pauperis on the accelerated docket

    Supreme Court Deputy Clerk Susan Carlson sent me a letter stating that my motion to place this motion on the accelerated was denied based upon her assumption, *"Further, the Petitioner has not established cause to accelerate the motion."*

    Ms. Carlson fails to understand that probable cause pertaining to felony crimes was determined by Spokane County Superior Court Judge Linda Tomkins who directed

the Stevens County Superior Court Clerk, Patricia Chester to file my criminal charges so she could appoint a judge from Spokane to hear the matter.

Subsequently Ms. Chester illegally converted the criminal complaint to a civil matter and her motive appears to be to protect her brother, who was one of the persons named in the criminal complaint, as well as to protect other local officials who were also named in the complaint.

Her action not only violated my Rights, it also violated the public trust in that the People have a right to expect their public servants to perform their duties in an honest and competent manner.

These crimes have already been delayed and covered up for over four years and instead of these persons being brought to justice in a speedy and proper manner, they are using their positions of authority to escape accountability. It is time to get this matter before the court and resolved.

All of this information was stated in Petitioner's motion to place his motion to proceed in forma pauperis on the accelerated docket.

Wherefore, and for good cause shown, Petitioner moves the Court for an Order placing his motion to proceed in form pauperis on the accelerated court docket.


Dated: September 9, 2009

_____
Jimmy Ellis, Clark – Petitioner


Presented by:

Jimmy Ellis, Clark
2094 Onion Ck. Rd. Lot A
Colville, Washington
PH: 509-732-4154




I certify that I did mail a copy of this motion to:

Judge Greg Sypolt
Spokane County Courthouse
1116 W. Broadway
Spokane, Washington 99260-0350


Timothy Rasmussen
Stevens County Prosecutor
215 So. Oak St.
Colville, Washington 99114-2862


Steven J. Tucker
Spokane County Prosecutor
1100 W. Mallon Avenue
Spokane, Washington 99260-2043

On September 9, 2009

                                      Jimmy Ellis, Clark
                                      2094 Onion Ck. Rd. Lot A
                                      Colville, Washington
                                        PH: 509-732-4154
                                        E-mail: jimmyandtoni@yahoo.com