UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JIMMY ELLIS CLARK,

    Petitioner,

    v.

SUPERIOR COURT STEVENS COUNTY, et al.,

    Respondents.

NO. **CV-09-363-LRS**

**ORDER DISMISSING PETITION**

    The *pro se* Petitioner has filed a "Petition For A Writ Of Review" (Ct. Rec. 1). He had been allowed to proceed *in forma pauperis* (Ct. Rec. 3). The undersigned has reviewed the petition for legal sufficiency and concludes it is not legally sufficient and therefore, should be dismissed and not served upon Respondents.

    According to Petitioner, he filed a Petition for Writ of Prohibition with the Washington Supreme Court, and filed a motion to proceed *in forma pauperis* in conjunction therewith, which was denied without explanation. Petitioner claims the state supreme court justices, at least those who denied his motion to proceed *in forma pauperis*, did not have jurisdiction to hear and determine the motion because their "oaths of office were taken after their terms began and were not filed until a number of days later." Therefore, Petitioner say the denial of his motion to proceed *in forma pauperis* is void. Petitioner asserts [s]tate and/or Federal law require the oath of office be taken and filed before assuming the duties of office."

    Assuming the "Writ Of Review" which the Petitioner seeks is proper

**ORDER DISMISSING PETITION -**      1

pursuant to 28 U.S.C. Section 1651, the next issue is whether this court has federal question jurisdiction for alleged violations of the United States Constitution (Article VI, Clause 3[1]) and 4 U.S.C. Sections 101 and 102[2], and that these provisions somehow incorporate the particular requirements of RCW 2.04.080 at issue here.[3] It is not manifestly apparent that these federal constitutional and statutory provisions do incorporate those requirements. If that is so, the issue is

---

[1] Article VI, Clause 3 provides in relevant part that "all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution."

[2] 4 U.S.C. Section 101 requires that every judicial officer of a State, before proceeding to execute the duties of his office, shall take an oath swearing to support the Constitution of the United States.

4 U.S.C. Section 102 requires the oath be administered by a person who is authorized to do so by state law, and that person is to "cause a record or certificate thereof to be made in the same manner, as by the law of the State, he is directed to record or certify the oath of office."

[3] RCW 2.04.080 states:

> The several justices of the supreme court, **before entering upon the duties of their office, shall take and subscribe the following oath and affirmation**: "[Oath omitted]." Which oath or affirmation may be administered by any person authorized to administer oaths, a certificate whereof shall be affixed thereto by the person administering the oath. **And the oath or affirmation so certified shall be filed in the office of the secretary of state.**

(Emphasis added).

ORDER DISMISSING PETITION - 2

purely one of state law which this court would not have jurisdiction to adjudicate. Assuming, however, that those requirements are mandated as a matter of federal constitutional statutory law, Petitioner's Petition is without merit.

In *State v. Stephenson*, 89 Wn.App. 794, 808, 950 P.2d 38 (1998), *review denied*, 136 Wn.2d 1018, 966 P.2d 1277 (1998), the Washington Court of Appeals dealt with RCW 2.08.080 regarding the oath of office for superior court judges. That provision is very similar to RCW 2.04.080 regarding the oath of office for supreme court justices.[4] The court of appeals found the requirement is that judges take the oath of office "before entering upon the duties of [the] office," citing Wash. Const. art. IV and RCW 2.08.080. The same is true with regard to state supreme court justices. It is of no consequence if, as Petitioner alleges, the justices in question did not take their oaths of office before "their terms began." Petitioner does not allege that any of these justices discharged their duties in considering and denying Petitioner's motion to proceed *in forma pauperis* prior to taking their oaths of office. Moreover, this court is not obliged to accept as true

---

[4] RCW 2.08.080 provides:

> Every judge of a superior court shall, **before entering the duties of his office**, **take and subscribe an oath** that he will support the Constitution of the United States and the Constitution of the state of Washington, and will faithfully and impartially discharge the duties of the judge to the best of his ability, **which oath shall be filed in the office of the secretary of state**. Such oath or affirmation to be in the form substantially the same as prescribed for justices of the supreme court.

(Emphasis added).

ORDER DISMISSING PETITION -    3

conclusory allegations by the Petitioner that these justices entered upon any of their duties as judicial officers prior to taking their oaths.

In *Stephenson*, the court of appeals found that under RCW 2.08.080, "the filing of the oath with the Secretary of State is not a condition precedent to assuming the duties of office." *Id*. This is because the clause, "which oath shall be filed," does not relate to the antecedent clause "before entering upon the duties of his office," nor does it relate to the list of judicial requirements connected by "ands" ("take **and** subscribe an oath"). *Id*. The same is true with regard to RCW 2.04.080 which contains a similar sentence structure. See footnotes 3 and 4 *supra*. The clause in RCW 2.04.080- "the oath or affirmation so certified shall be filed in the office of the secretary of state" - does not relate to the antecedent clause "before entering upon the duties of their office," nor does it relate to the list of judicial requirements connected by "ands" ("take **and** subscribe the following oath and affirmation").

The Washington state supreme court justices took their oaths "before entering upon the duties of their office." It is inconsequential if the filing of their oaths did not occur until after they had assumed those duties. Petitioner's Petition, as a matter of law, fails to plead a violation of RCW 2.04.080. Accordingly, the Petition is **DISMISSED with prejudice** and will not be served upon the Respondents.

//
//
//
//
//
//

**ORDER DISMISSING PETITION -    4**

| | |
|---|---|
| 1 | **IT IS SO ORDERED.** The District Court Executive is directed to enter |
| 2 | judgment accordingly and forward copies of the judgment and this order to the |
| 3 | Petitioner. This file shall be closed. |
| 4 | **DATED** this   3rd   day of February, 2010. |

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief U. S. District Court Judge

**ORDER DISMISSING PETITION -     5**