UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JIMMY ELLIS CLARK,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT<br>STEVENS COUNTY, et al.,<br><br>    Respondents. | NO. **CV-09-363-LRS**<br><br>**ORDER DENYING<br>MOTION FOR RECONSIDERATION** |

On February 22, 2010, Petitioner filed a Motion For Reconsideration (Ct. Rec. 7) of this court's "Order Dismissing Petition" (Ct. Rec. 5) filed February 3, 2010. Judgment was entered on the same date (Ct. Rec. 6). Pursuant to amended Fed. R. Civ. 59(e), effective December 1, 2009, the motion (construed as one to alter or amend judgment) is timely in that the motion was filed within 28 days from the date of entry of judgment.

Petitioner asserts this court should have allowed him to amend his "complaint" to correct any deficiencies before dismissing the same. Petitioner states he "apparently focused too much attention on the fact that the Washington State Supreme Court Justices failed to duly qualify for the offices they are assuming and therefore failed to sufficiently state his cause warranting review of the matter in the Federal District Court." Indeed, all that this court was presented with was a document titled "Petition For A Writ Of Review" which narrowly and specifically challenged the authority of the state supreme court justices to deny a

**ORDER DENYING MOTION
FOR RECONSIDERATION -        1**

motion to proceed *in forma pauperis* the Petitioner had filed with that court in conjunction with a petition for "Writ of Prohibition."

Petitioner says he filed his "Petition For A Writ Of Review" for the purpose of requesting this federal district court to review the denial of Petitioner's "Order To Show Cause" by Spokane County Superior Court Judge Sypolt on June 16, 2009. Apparently, Judge Sypolt then denied as untimely a motion for reconsideration which Petitioner filed regarding the denial. There is no mention of any of this in the "Petition For A Writ Of Review" which this court considered and therefore, no basis to now allow an amendment of said Petition. Moreover, if an amendment were allowed, Petitioner would essentially be asking this court to engage in an appellate review of Judge Sypolt's decisions. This would be in contravention of the *Rooker-Feldman* doctrine which precludes a federal plaintiff from asserting as a legal wrong an allegedly erroneous decision by a state court and seeking relief from that decision in federal court. *Carmona v. Carmona*, 544 F.3d 988, 995 (9th Cir. 2008). Petitioner's recourse from Judge Sypolt's decision was to the Washington appellate courts and that is what Petitioner attempted to do by petitioning the state supreme court for a "Writ of Prohibition" on August 15, 2009. The aforementioned motion to proceed *in forma pauperis* was filed in conjunction with the petition for "Writ of Prohibition."

This court did not clearly err in dismissing the "Petition For Writ Of Review" and the dismissal does not create a manifest injustice.[1] Accordingly,

---

[1] A Fed. R. Civ. P. 59(e) motion for reconsideration can only be granted when a district court: (1) is presented with newly discovered evidence; or (2) committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Dixon v. Wallowa County*, 336

**ORDER DENYING MOTION FOR RECONSIDERATION -    2**

1  Petitioner's Motion For Reconsideration (Ct. Rec. 7) is **DENIED**.

      **IT IS SO ORDERED.** The District Court Executive is directed to forward copies of this order to the Petitioner.

      **DATED** this 26th day of March, 2010.

*S/ Lonny R. Suko*

_____
LONNY R. SUKO
Chief U. S. District Court Judge

---

F.3d 1013, 1022 (9th Cir. 2003).

**ORDER DENYING MOTION FOR RECONSIDERATION -    3**